IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACTIVISION TV, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 12-1006 (SLR) |
| | ) |
| ADFLOW HEALTH NETWORKS, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT ADFLOW HEALTH NETWORK, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant ADFLOW Health Networks, Inc. ("ADFLOW Health"), by and through the undersigned counsel, hereby sets forth its Answer and Affirmative Defenses to Plaintiff Activision TV, Inc.'s ("Activision") Complaint for Patent Infringement ("Complaint") as follows:

**ANSWER**

Responding to the individually enumerated paragraphs of the Complaint, ADFLOW Health states as follows:

**THE PARTIES**

1. ADFLOW Health lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 1 of the Complaint, and on that basis denies the same.

2. Admitted.

## JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, ADFLOW Health admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, but ADFLOW Health denies that it is committing, or has ever committed, any infringing acts within this judicial district, the State of Delaware, or any other jurisdiction.

4. ADFLOW Health admits that the Court has subject matter jurisdiction over patent claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). ADFLOW Health denies any remaining allegations of paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, ADFLOW Health admits that it is incorporated in the State of Delaware.

6. ADFLOW Health denies the allegations contained in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, ADFLOW Health denies that venue is proper in this judicial district.

## COUNT I

8. Paragraph 8 of the Complaint fails to allege facts, and thus no response is required. To the extent a response is required, ADFLOW Health incorporates its responses to Paragraphs 1-7 as if fully set forth herein.

9. ADFLOW Health admits that a copy of U.S. Patent No. 6,384,736 (the "'736 Patent") appears to be attached to the Complaint. ADFLOW Health asserts that the '736

2

patent speaks for itself. ADFLOW Health denies that the '736 patent was "duly and legally issued by the United States Patent and Trademark Office." Except as expressly admitted or denied, ADFLOW Health lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 9 of the Complaint, and on that basis denies them.

10. ADFLOW Health admits that a copy of U.S. Patent No. 6,215,411 (the "'411 Patent") appears to be attached to the Complaint. ADFLOW Health asserts that the '411 patent speaks for itself. ADFLOW Health denies that the '411 patent was "duly and legally issued by the United States Patent and Trademark Office." Except as expressly admitted or denied, ADFLOW Health lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 10 of the Complaint, and on that basis denies them.

11. ADFLOW Health admits that a copy of U.S. Patent No. 7,369,058 (the "'058 Patent") appears to be attached to the Complaint. ADFLOW Health asserts that the '058 patent speaks for itself. ADFLOW Health denies that the '058 patent was "duly and legally issued by the United States Patent and Trademark Office." Except as expressly admitted or denied, ADFLOW Health lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 11 of the Complaint, and on that basis denies them.

12. ADFLOW Health lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, and on that basis denies them.

13. ADFLOW Health denies the allegations of paragraph 13 of the Complaint.

14. ADFLOW Health denies the allegations of paragraph 14 of the Complaint.

15. ADFLOW Health denies the allegations of paragraph 15 of the Complaint.

16. ADFLOW Health only admits that it became aware of the '736 Patent, '411 Patent, and '058 Patent ("Activision Patents") in October 2011, and denies all remaining allegations of Paragraph 16 of the Complaint.

### JURY DEMAND

17. ADFLOW Health admits that Plaintiff has demanded a jury trial on all issues so triable.

### GENERAL DENIAL

Except as specifically admitted, ADFLOW Health denies each and every allegation contained in paragraphs 1-17 of the Complaint, and denies that Activision is entitled to any of the relief requested in its Prayer for Relief or any other relief against ADFLOW Health.

### AFFIRMATIVE DEFENSES

ADFLOW Health asserts the following defenses to Activision's Complaint without conceding that any of the defenses must be pled as affirmative defenses or that ADFLOW Health bears the burden of persuasion for any of the defenses.

#### First Affirmative Defense

ADFLOW Health does not infringe and has not infringed (either directly, contributorily, or by inducement) any claim of the Activison Patents, either literally or under the doctrine of equivalents.

#### Second Affirmative Defense

One or more asserted claims of the Activision Patents are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

By virtue of the proceedings in the United States Patent and Trademark Office during the prosecution of the applications that matured into the Activision Patents and related patents, as illustrated by their prosecution histories, Activision is estopped from asserting that ADFLOW Health has infringed, directly or indirectly, any claim of the Activision Patents, either literally or under the doctrine of equivalents.

### Fourth Affirmative Defense

Upon information and belief, Activision's claims for relief, in whole or in part, are barred by the doctrines of waiver, laches, and/or estoppel.

### Fifth Affirmative Defense

Activision's Complaint fails to state a claim upon which relief can be granted.

### Sixth Affirmative Defense

Upon information and belief, Activision's claims for damages for purported patent infringement are limited by 35 U.S.C. § 287.

### Seventh Affirmative Defense

Activision's patent infringement claims are barred, at least in part, by the statute of limitations, 35 U.S.C. § 286.

### Eighth Affirmative Defense

Activision is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

**Tenth Affirmative Defense**

Activision's claims for injunctive relief are barred because there exists an adequate remedy at law and Activision's claims otherwise fail to meet the requirements for injunctive relief.

ADFLOW Health reserves the right to assert further defenses revealed during discovery.

**Demand for Jury Trial**

ADFLOW Health hereby respectfully demands trial by jury for all issues so triable in connection with Activision's Complaint and ADFLOW Health's Affirmative Defenses.

**Prayer for Relief**

WHEREFORE, ADFLOW Health respectfully requests this Court to enter judgment as follows:

A. that Activision be denied any and all relief and take nothing by its Complaint;

B. that judgment be entered in favor of ADFLOW Health and that the Complaint be dismissed in its entirety with prejudice;

C. that the asserted claims of the Activision Patents are invalid;

D. that ADFLOW Health has not infringed and is not infringing any valid claim of the Activision Patents, directly or indirectly, either literally or under the doctrine of equivalents;

E. that ADFLOW Health be awarded its costs, including reasonable attorneys' fees, and expenses, pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules and common law;

F. that an injunction be granted preliminarily and permanently enjoining Activision, its officers, agents, servants, employees, attorneys, and any person in active concert or participation with Activision, from asserting or otherwise seeking to enforce the Activision Patents against ADFLOW Health or anyone making, using, selling, offering for sale, or importing products developed and/or sold by ADFLOW Health, including, but not limited to, any products accused of infringement in this action; and

G. for such other and further relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 351-9200
rsmith@mnat.com

*Attorneys for Defendant*
*ADFLOW Health Networks, Inc.*

OF COUNSEL:

Richard T. McCaulley, Jr.
ROPES & GRAY LLP
111 South Wacker Drive, 46th Floor
Chicago, IL 60606
(312) 845-1200

Steven Balcof
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000

October 31, 2012
6605800.1

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 31, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Stamatios Stamoulis, Esquire<br>Richard C. Weinblatt, Esquire<br>STAMOULIS & WEINBLATT LLC<br>Two Fox Point Centre<br>6 Denny Road, Suite 307<br>Wilmington, DE  19809<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| M. Brett Johnson, Esquire<br>FARNEY DANIELS LLP<br>800 South Austin Avenue, Suite 200<br>Georgetown, TX  78626<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)